IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEMOBLOX, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civ. Action File No. |
| TERMINUS SOFTWARE, INC.; SALEO, | ) 1:22-cv-02398-WMR |
| INC.; JUSTIN MCDONALD; and | ) |
| DANIEL HELLERMAN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT TERMINUS SOFTWARE, INC'S EMERGENCY MOTION FOR LEAVE TO FILE UNDER SEAL**

COME NOW Plaintiff DemoBlox, Inc. ("Plaintiff" or "DemoBlox"), by and through the undersigned counsel, and file this Response Brief in Opposition to Defendant Terminus Software, Inc.'s Motion to File Under Seal and show the Court as follows:

**I.    LEGAL STANDARD**

While documents filed with the Court are presumptively public, the common-law right of access is not absolute as it does not apply to all discovery materials. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citing *Chi.*

*Tribune Co. v. Bridgestone/ Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (internal punctuation omitted)). A party seeking to have material sealed can overcome the common-law right of access by a showing of good cause where there exists "a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). Such good cause "is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." *NXP B.V. v. Research In Motion, Ltd.*, No. 6:12-CV-498-ORL-22TBS, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013). A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (quoting *Chi. Tribune Co.*, 263 F.3d at 1309 (internal punctuation omitted)); *see also* Fed. R. Civ. P. 26(c) (authorizing the trial court to issue a protective order upon a showing of good cause "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."). Essentially, good cause exists where "[a] party's privacy or proprietary interest in information . . . overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.

The decision of whether good cause exists rests with the sound discretion of the district court judge, is based on the "nature and character of the information in

question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311, 1315 (citation omitted). Factors for the Court's consideration in making such a determination include whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246 (citation omitted).

## II. ARGUMENT

Terminus' brief does not reveal or reference the confidential information or trade secrets of DemoBlox. There is no good cause to seal this document.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court deny Defendant's Motion for Leave to File Under Seal.

Respectfully submitted, this 9th day of August, 2022.

                                               */s/ Kana A. Caplan*
                                               Halsey G. Knapp, Jr.
                                               Georgia Bar No. 425320
                                               hknapp@khlawfirm.com
                                               Kana A. Caplan

Georgia Bar No. 621805
caplan@khlawfirm.com
R. David Gallo
dgallo@khlawfirm.com
Georgia Bar No. 228283
**KREVOLIN & HORST, LLC**
1201 West Peachtree Street, NW
Suite 3250
Atlanta, Georgia 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
*Counsel for Plaintiff DemoBlox, Inc.*

**CERTIFICATE OF COMPLIANCE AND SERVICE**

I hereby certify that on this this 1st day of July, I electronically filed the foregoing **PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT TERMINUS SOFTWARE, INC'S EMERGENCY MOTION FOR LEAVE TO FILE UNDER SEAL**, which has been prepared using 14-point Times New Roman Font and otherwise complies with the formatting and legibility requirements of LR 5.1, NDGa, with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record.

This 9th day of August 2022.

*/s/ Kana A. Caplan*